**Reyes RIOS, Petitioner–Appellant,**

v.

**George INGLE, Warden, Respondent–Appellee.**

No. 99–15572.

D.C. No. CV–96–01842–DFL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided July 2, 2001.

Before PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

MEMORANDUM *

Reyes Rios ("Rios") appeals the district court's denial of his 28 U.S.C. § 2254 petition. Rios seeks federal habeas relief from his state court conviction for the second-degree murder of Dan Lacy ("Lacy"), in violation of California Penal Code §§ 187(a) and 189. Specifically, Rios argues that: (1) his due process rights were violated by the admission of testimony given by his codefendant, Oki Shin, regarding Shin's motivation for pleading guilty; and (2) his Sixth Amendment rights were violated because he was deprived of the effective assistance of counsel. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

In an information filed on April 13, 1987, Rios and Shin were accused of murdering Lacy with the use of a deadly weapon. Shin subsequently entered a plea of guilty to voluntary manslaughter in exchange for a maximum prison sentence of eleven years and his promise to testify truthfully at Rios's trial.

At Rios's trial, Shin responded to a question asked by defense counsel on cross examination by stating that he felt "pressured" to take the guilty plea. Shin explained that he took the guilty plea because he feared that, if he refused it, Rios would accept the guilty plea and testify against him. On redirect examination, the prosecutor asked Shin what he meant by feeling "pressured" to plead guilty. Shin replied that "I meant if I didn't take the deal that [defense counsel] ... would be happy to take the deal for Mr. Rios and testify against me." The trial judge then read to the jury a stipulation agreed to by defense counsel and the prosecutor, which stated that "[a]t no time did the defendant Rios agree to plead guilty to the charge against him or any reduced charge." The trial judge told the jury that the stipulation was a "conclusively proved" fact, and also instructed the jury that plea discussions occurred "in nearly every criminal case" and that such discussions were "no[t] evidence of the defendant's guilt." Finally, the trial judge instructed the jury that it could consider Shin's testimony regarding his motivation for pleading guilty only as it related to Shin's credibility.

Rios argues that the trial judge's decision to allow Shin to testify regarding his motivation for pleading guilty was error arising to the level of a due process violation. To prevail on this claim, Rios must show that the alleged error had a "substantial and injurious effect" on the jury's verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Because Rios's habeas appeal is governed by the standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Rios must also show that the state court's rejection of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because we find that no error occurred that had a "substantial and injurious effect" on the jury's verdict, we conclude that the state court's decision was not "unreasonable" under AEDPA.

Even assuming that the trial judge erred in permitting Shin to testify on redirect regarding his motivation for pleading guilty, Rios cannot show that the error prejudiced his right to a fair trial. The jury was not told that Rios had, in fact, pleaded guilty to the charged crime at an earlier date. Nor was the jury told that it could consider Shin's testimony regarding Rios's purported interest in pleading guilty as evidence of Rios's guilt. *Cf. Standen v. Whitley,* 994 F.2d 1417, 1422–23 (9th Cir. 1993) (holding that defendant's due process rights were violated because the jury was told to consider prior withdrawn guilty plea as evidence of guilt). To the contrary, the trial judge specifically instructed the jury that Shin's testimony could be considered only as it related to Shin's credibility. This instruction cured the prejudicial impact, if any, that Shin's testimony may have had. *Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (stating that there is an "almost invariable assumption of the law that jurors follow their instructions").

Rios also argues that he is entitled to habeas relief based on the ineffective assistance of trial counsel. To prevail on this claim, Rios must show that counsel's errors constituted deficient representation that prejudiced the outcome of the trial.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state court applied *Strickland* in analyzing Rios's ineffective assistance of counsel claim, and the Supreme Court has held that *Strickland* is "clearly established law" for AEDPA purposes, *Williams v. Taylor,* 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, to obtain habeas relief, Rios must show that the state court's denial of his claim resulted in a decision involving "an unreasonable application of" *Strickland.* 28 U.S.C. § 2254(d)(1). None of the errors alleged by Rios, either separately or cumulatively, amount to deficient performance by trial counsel—much less prejudiced the outcome of the trial. Therefore, we conclude that the state court's decision was not "unreasonable" under AEDPA.

The district court's order denying Rios's habeas petition is AFFIRMED.